```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

FERN ANGELETTI                                CIVIL ACTION

VERSUS                                        NO: 11-1430

XLC PERSONNEL SERVICE                         SECTION: J(4)
```

### ORDER AND REASONS

Before the Court is **Defendant XLC Personnel Service's Motion to Dismiss (Rec. Doc. 6) and Memorandum in Support**, as well as **Plaintiff's Response Memorandum in Opposition (Rec. Doc. 7).**

### PROCEDURAL HISTORY AND BACKGROUND FACTS:

This employment discrimination case arises out of Plaintiff Fern Angeletti's suspension and subsequent termination from her job at XLC Personnel Services ("XLC") on August 27, 2008. On August 26, 2008, Plaintiff alleges that Ken Ratcliff, her supervisor, made a sexual comment about Plaintiff to one of her coworkers. When Plaintiff confronted him about the comment and informed him that she intended to file an internal complaint, he allegedly became "irate" towards Plaintiff.

The following day, when the rest of her coworkers were allowed to go and cash their paychecks on their break as they usually were, Plaintiff alleges that she and she alone was not permitted to cash her check. After she protested, however, she

was allowed to go cash her check, as well.  When she returned, Mr. Ratcliff told her not to clock back in and that she could go and help her family prepare to evacuate for Hurricane Gustav, which was scheduled to arrive the following day.  While she was walking to the external gate of the worksite, Mr. Ratcliff allegedly made another derogatory statement towards Plaintiff, but she did not allege the substance of  the statement in her Complaint.  When she arrived at the gate, Mr. Ratcliff instructed Security to take her access badge, effectively suspending her from work.  She has not been allowed to come back, so Plaintiff assumes that she was eventually terminated.

She filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC") on December 18, 2008, alleging that she had been suspended from her job in retaliation for informing Mr. Ratcliff of her intention to file an internal complaint regarding his sexual comment.  The EEOC charge also indicates that XLC had reported to the State Unemployment Office that Ms. Angeletti was discharged after she left work without permission.  On March 11, 2011, the EEOC determined that it was unable to conclude that XLC had violated Title VII and issued Plaintiff a right to sue.

Plaintiff Pro Se Fern Angeletti filed this suit on June 17, 2011, and Defendant XLC moved to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) on August 12, 2011, and

2

Plaintiff filed an Opposition six days later.

## PARTIES' ARGUMENTS:

Defendant first contends that Plaintiff's claims fail as a matter of law because she has failed to plead plausible facts sufficient to state a claim under Title VII. Defendant further argues that even if her Complaint contains sufficient facts to state a claim for relief that is plausible on its face, her Complaint should still be dismissed because it fails to state a claim upon which relief can be granted under any theory of relief under Title VII. Plaintiff, in response, contends that her claims have merit and that there are witnesses who will support her claims.

## DISCUSSION:

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead enough facts "to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 547 (2007)). A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. A court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. Lormand v. U.S. Unwired, Inc., 565 F.3d 228, 232-33 (5th Cir. 2009); Baker v. Putnal, 75 F.3d 190, 196 (5th

Cir.1996). The Court is not, however, bound to accept as true legal conclusions couched as factual allegations. Iqbal, 129 S.Ct. at 1949-50.

### A. Disparate Treatment Under Title VII:

Title VII prohibits employers from "discriminat[ing] against any individual with respect to ... compensation, terms, conditions, or privileges of employment, because of such individual's ... sex." 42 U.S.C. § 2000e-2(a)(1).  In order to state a claim for disparate treatment because of sex under Title VII, a Plaintiff must allege sufficient facts to establish that she is (1) a member of a protected class; (2) qualified for the position in question; (3) the subject of an adverse employment action; and (4) was replaced by someone outside the protected class or otherwise discharged because of her membership in the protected class.  Dulin v. Board of Com'rs of Greenwood Leflore Hosp., 646 F.3d 232, 236 (5th Cir. 2011).

Defendant argues that Plaintiff fails to state a claim under Title VII for disparate treatment because she has failed to plead any facts whatsoever necessary to maintain this theory of recovery.  Here, the Court agrees that Plaintiff has not alleged a cause of action for disparate treatment.  In order to maintain a cause of action for disparate treatment, Plaintiff must have alleged that she was the subject of an adverse employment action, or denied some job benefit, because of her sex.  The Supreme

Court has held that a Plaintiff need only allege that her sex was a "motivating" or "substantial" factor in the challenged action in order to establish causation.  See Price Waterhouse v. Hopkins, 490 U.S. 228, 258 (1989) (plurality opinion).  As discussed below with respect to her sexual harassment claims,[1] however, Plaintiff instead alleges that she was terminated because she asked her supervisor to get a reporting form to file an internal complaint about his offensive remarks  – not because of her sex.  Accordingly, Plaintiff fails to state a claim for disparate treatment under Title VII.

    **B.  Sexual Harassment under Title VII:**

The Supreme Court has held that sexual harassment constitutes unlawful discrimination in violation of Title VII when it affects a term, condition, or privilege of employment. See Meritor Sav. Bank, FSB v. Vinson, 477 U.S. 57 (1986); Burlington Industries, Inc. v. Ellerth, 524 U.S. 742 (1998). There are two forms of actionable sexual harassment under Title VII: (1) quid pro quo claims, where some employment benefit or the avoidance of a negative employment consequence is contingent upon the employee accepting sexual harassment or advances; and (2) hostile work environment claims, where no tangible employment

---

[1] It should be noted that sexual harassment claims are actually just a specific application of the prohibition against discrimination "with respect to . . . terms, conditions, or privileges of employment . . .because of . . .sex" under 42 U.S.C. § 2000e-2(a)(1) and not a wholly separate cause of action.

action has resulted, but the employee's work environment subjects her to severe and pervasive sexual harassment sufficient to be deemed to affect a term, condition, or privilege of employment. See Ellerth, 524 U.S. 742, 751 (1998).

Thus, in order to determine if Plaintiff has stated a claim for sexual harassment under Title VII, the Court must first determine whether she alleged to have suffered a tangible employment action.  If she has, her sexual harassment suit is classified as a "quid pro quo" case.  If not, her claim will be analyzed under a hostile work environment framework.  See Casiano v. AT&T Corp., 213 F.3d 278, 283 (5th Cir. 2000).  Tangible employment actions "require[ ] an official act of the enterprise," such as "hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits."  Ellerth, 524 U.S. at 761-62.  Here, Plaintiff has alleged that her access badge was confiscated and that she was subsequently terminated from her job.  Thus, on its face, this constitutes a tangible employment action under Ellerth.  Accordingly, Defendant's argument that Plaintiff has failed to state a hostile work environment claim, while technically correct,[2] is perhaps

---

[2] Defendant argues that Plaintiff fails to state a claim for a hostile work environment because she does not allege that any alleged harassment was severe or pervasive enough to effect the terms or conditions of her employment.  Particularly, Defendant points out that she alleges that her supervisor made,

6

misguided.

In order to state claim for quid pro quo sexual harassment, the Plaintiff must establish, inter alia, that "the acceptance or rejection of the harassment . . . [is] an express or implied condition to the receipt of a job benefit or the cause of a tangible job detriment."  Collins v. Baptist Memorial Geriatric Center 937 F.2d 190, 196 (5th Cir. 1991)(emphasis added).  Here, Plaintiff's Complaint does contain one conclusory allegation that she was dismissed from her job because of "noncompliance" with Mr. Ratcliff's sexual advances.[3]  As Defendant points out, however, Plaintiff has not alleged any facts whatsoever recounting any such advances.  Further, later in her Complaint, Plaintiff specifically alleges that Mr. Ratcliff took her badge and fired her because she confronted him about his sexual comment about Plaintiff made to one of her coworkers – not

---

at most, two derogatory remarks about Plaintiff, only one of which is alleged to have been sexual in nature.  The Court agrees.  An allegation of two offhand remarks by a supervisor is insufficient to state a claim for a hostile work environment.  See Harris, v. Forklift Systems, Inc., 510 U.S. at 21 ("As we pointed out in *Meritor,* 'mere utterance of an ... epithet which engenders offensive feelings in a employee,' . . . does not sufficiently affect the conditions of employment to implicate Title VII.")(quoting Meritor, 477 U.S. at 67).

[3]  See Complaint, Rec. Doc. 1, p.3 ("I was barred from my place of employment by Mr. Ratcliff without a reason or write-up, but I do believe it was because of noncompliance [with] his sexial (sic) advances.").

because of noncompliance with Mr. Ratcliff's advances.[4] Accordingly, even accepting her factual allegations as true and drawing all inferences in her favor, the Court is unable to conclude that she has stated a cause of action for quid pro quo sexual harassment.

**C. Retaliation under Title VII:**

The opposition clause of Title VII prohibits an employer from discriminating against an employee because she has either "participated in any manner in an investigation, proceeding, or hearing" under Title VII or "opposed any practice made ... unlawful ... by this subchapter." 42 U.S.C. § 2000e-3(a). In order to state a claim for retaliation, a plaintiff must allege (1) she was engaged in protected activity, (2) she was subjected to an adverse employment action, and (3) there was a causal connection between the protected activity and the adverse employment action. Hernandez v. Yellow Transp., Inc., 641 F.3d 118, 129 (5th Cir. 2011). Here, the Court finds that Plaintiff has stated a claim for retaliation under Title VII..

Here, Plaintiff alleges that she was engaged in protected activity when she asked her supervisor, Mr. Ratcliff, to get a reporting form so that she could report his inappropriate sexual

---

[4] See Complaint, Rec. Doc. 1, p.3 ("[H]e told security to take my badge . . . I believe because of me asking him a question when I was off the clock . . .[about why he was] going around asking Kim Herbert about my private parts.").

because of noncompliance with Mr. Ratcliff's advances.[4] Accordingly, even accepting her factual allegations as true and drawing all inferences in her favor, the Court is unable to conclude that she has stated a cause of action for quid pro quo sexual harassment.

**C. Retaliation under Title VII:**

The opposition clause of Title VII prohibits an employer from discriminating against an employee because she has either "participated in any manner in an investigation, proceeding, or hearing" under Title VII or "opposed any practice made ... unlawful ... by this subchapter." 42 U.S.C. § 2000e-3(a). In order to state a claim for retaliation, a plaintiff must allege (1) she was engaged in protected activity, (2) she was subjected to an adverse employment action, and (3) there was a causal connection between the protected activity and the adverse employment action. Hernandez v. Yellow Transp., Inc., 641 F.3d 118, 129 (5th Cir. 2011). Here, the Court finds that Plaintiff has stated a claim for retaliation under Title VII..

Here, Plaintiff alleges that she was engaged in protected activity when she asked her supervisor, Mr. Ratcliff, to get a reporting form so that she could report his inappropriate sexual

---

[4] See Complaint, Rec. Doc. 1, p.3 ("[H]e told security to take my badge . . . I believe because of me asking him a question when I was off the clock . . .[about why he was] going around asking Kim Herbert about my private parts.").

comment, presumably to the company's human resources department. The Defendant does not appear to seriously dispute that Plaintiff alleges that she was engaged in protected activity. Even so, the law appears fairly settled that an employee who reports sexual harassment to human resources engages in protected activity under Title VII. See, e.g., Foster v. Solvay Pharmaceuticals, Inc., 160 F. App'x 385, 388 (5th Cir. 2005)(holding that employee engaged in protected activity in calling employer's human resources department to report sex discrimination); Dixon v. Moore Wallace, Inc., 236 F. App'x 936, 937 (5th Cir. 2007)(holding that sending letter to company's human resources department complaining of racial discrimination was protected activity); Rangel v. Omni Hotel Management Corp., No. SA-09-CV-0811, 2010 WL 3927744, at *4-5 (W.D. Tex. Oct. 4, 2010)(holding that reporting sexual harassment of a supervisor was protected activity); see also Crawford v. Metro Gov't of Nashville and Davidson Cnty, Tenn., 555 U.S. 271 (2009)(holding that an employee who participated in employer's internal investigation of a coworker's sexual harassment complaint had engaged in protected activity under the opposition clause). Accordingly, the Court finds that she has alleged that she was engaged in protected activity.

Next, Plaintiff must allege to have suffered an adverse employment action. Plaintiff alleges that her employee access

badge was confiscated, and that she was subsequently barred from reporting to work.  An adverse employment action is one that "a reasonable employee would have found ... [to be] materially adverse, which in this context means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." Burlington N. & Santa Fe Ry. Co. v. White, 548 U.S. 53, 68 (2006); Aryain v. Wal-Mart Stores Tex.LP, 534 F.3d 473, 484 (5th Cir. 2008).  Obviously, permanent suspension or termination constitutes an adverse employment action.  See Anderson v. City of Dallas, 116 Fed. App'x. 19, 27 (noting that adverse employment actions include decisions such as being fired, hired, discharged, promoted, compensated, or granted leave).  Surprisingly, Defendant contends that Plaintiff has not adequately alleged that she suffered an adverse employment action.  While it is true that "petty slights or minor annoyances that often take place at work" do not constitute adverse employment actions (see Burlington Northern, 548 U.S. at 68), here the Plaintiff has alleged that her employment was terminated.  Thus, on the face of her Complaint, and under binding precedent, the Court finds that she has alleged an adverse employment action.

  Finally, Plaintiff must allege a causal relationship between the protected activity and the adverse employment action. Plaintiff appears to allege that she was barred from her job the

day after she informed Mr. Ratcliff that she intended to report his sexual comments.  The Fifth Circuit has held that temporal proximity "between an employee's protected activity and an adverse action against [her] may provide the 'causal connection' required to make out a prima facie case of retaliation." Swanson v. Gen. Servs. Admin., 110 F.3d 1180, 1188 (5th Cir. 1997). Further, Defendant does not appear to seriously dispute that Plaintiff has alleged a causal link.  Thus, the Court finds that Plaintiff has adequately alleged a causal relationship, and in turn, stated a claim for retaliation under Title VII.

### Conclusion:

Accordingly,

**IT IS ORDERED** that Defendant's Motion is hereby **GRANTED IN PART and DENIED IN PART**.  Defendant's Motion to Dismiss is granted with respect to Plaintiff's sexual harassment and disparate treatment claims under Title VII, and denied with respect to Plaintiff's retaliation claim under Title VII.

New Orleans, Louisiana this 14th day of September, 2011.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE